WYCKOFF et al. v. WILSON et al.

(Common Pleas of New York City and County, General Term.　April 6, 1891.)

LEAVE TO APPEAL—ERRONEOUS INSTRUCTIONS.

    In an action in the city court of New York on a note, by the payees against an indorser, it being a question for the jury, on the evidence, whether defendant indorsed the note to give the maker credit with plaintiffs, the court charged the jury that, if plaintiffs took the note in reliance on the indorsement of defendant, he was liable, and that, if they believed the testimony of one of the plaintiffs, plaintiffs were entitled to a verdict. Held that, for the error in these instructions, the court of common pleas, on appeal thereto from a judgment for plaintiffs, must reverse the judgment, even though the evidence might show that plaintiffs were entitled to recover, and that therefore leave to appeal to the court of appeals from such judgment of reversal should not be granted.

    Motion for leave to appeal to the court of appeals.

    Action by John N. Wyckoff and Frank R. Wyckoff against Egbert R. Middlebrook and Lemuel H. Wilson, brought in the city court of New York. Plaintiffs move for leave to appeal to the court of appeals from a judgment reversing a judgment of the city court in their favor against defendant Wilson, and granting a new trial. See former reports, (9 N. Y. Supp. 628, and 13 N. Y. Supp. 270.)

    Argued before DALY, C. J., and PRYOR, J.

    Benjamin Estes, for the motion.　Charles E. Wilson, opposed.

    DALY, C. J.　It is probable that if I had taken part in the decision of this appeal I would have expressed the opinion that the evidence in the case supported the plaintiffs' allegation that the indorser, Wilson, who is sued here with Middlebrook, the maker of the note, made his indorsement for the purpose of giving Middlebrook credit with the plaintiffs. When the note was brought to him by Middlebrook to indorse, he saw that it was payable to the plaintiffs, and was not yet indorsed by them. He admits that he indorsed for Middlebrook's accommodation, and to enable him to obtain credit with some one, but insinuates that he supposed the plaintiffs were also to be accommodation indorsers with him. The falsity of this suggestion, and of his denial that he knew that the note with his indorsement was to be given to the plaintiffs by Middlebrook, is apparent from the fact that he had two weeks before written a letter to plaintiffs, recommending Middlebrook, who was then negotiating for the purchase of plaintiffs' business. He swears that he did not know of such negotiations until afterwards; but the jury might consider the probability as to whether he did or not. Middlebrook was an old friend of his. When he wrote the letter of recommendation for him to the plaintiffs he "supposed he was going there in employment," but afterwards says: "I thought he was going to change his business. I did not know he was going out of business." Two weeks afterwards Middlebrook appears with a note for $200, drawn to plaintiffs' order, and asks him to indorse it, and never stated the object for which he wished his indorsement. It would be difficult to find a jury to credit such a statement. But what is to be said of it when he goes on to swear that he had a distinct understanding with Middlebrook that he was to be "a second indorser." And yet it appears that after the note was protested, and the plaintiff J. N. Wyckoff told him they would look to him for payment, he did not mention this understanding, nor deny his liability, but only said that he had directions from Middlebrook not to pay it. Upon all the evidence it was a question for the jury. But the general term of this court could not do otherwise than reverse the judgment and order a new trial for wrong instructions to the jury. The trial court charged that, if plaintiffs took the note in reliance on Wilson's indorsement, he was liable, and that, if the jury believed the testimony of plaintiff Wyckoff, the plaintiff was entitled to a verdict. The defendants duly ex-

cepted.   The jury should have been instructed that the question for them to determine was whether Wilson indorsed the note for the purpose of procuring for the maker a credit with the plaintiffs, and whether the plaintiffs took the note in payment of part of the purchase price of property sold to Middlebrook after and in consideration of such indorsement.   If they found in the affirmative, plaintiffs would be entitled to a verdict, otherwise not.   The case requiring the judgment rendered by our general term, the motion for leave to appeal to the court of appeals must be denied, with $10 costs.